**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-10383**
**Civil Docket #3:98-CV-1108-M**

_____


**COLUMBIA MEDICAL CENTER OF LEWISVILLE,**
**Subsidiary LP, doing business as**
**Columbia Medical Center of Lewisville;**
**RAYMOND M. DUNNING, JR.,**

**Plaintiffs-Appellees,**

**versus**

**JEANNEAN HELLER, CRNA; HAROLD NEWSOM, CRNA;**
**JOANNE LEWIS, CRNA; LOLA H. WRIGHT, CRNA,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

February 7, 2002

Before JONES, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants are certified registered nurse anesthetists
(CRNAs) who performed anesthesia services for patients at the
Columbia Medical Center of Lewisville in Denton County, Texas.
They appeal the district court's confirmation of an adverse
arbitration award concerning their claims against the hospital,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

which entered into an exclusive provider contract with a doctor/anesthesiologist group. This court's review of the district court's decision is conducted under extremely narrow standards. While the district court's findings of fact are reviewed for clear error and questions of law <u>de novo</u>, as in other appeals, the Federal Arbitration Act strictly limits the grounds of judicial intervention. <u>See</u> <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 947-49, 115 S.Ct. 1920, 1926 (1995); Federal Arbitration Act, 9 U.S.C. § 10(a). The district court closely examined appellants' contentions and found them wanting. The court's reasoning is unassailable. We add only a few comments in regard to specific issues raised on appeal.

First, there is no merit in the contention that the arbitrators failed to issue findings of fact, conclusions of law and a reasoned opinion in accordance with paragraph 13 of the arbitration agreement. The arbitrators' opinion is succinct but comprehensive and fully comprehensible. More significantly, there is no basis in the arbitration agreement for an inference that the requirement of a "reasoned opinion" tended to set a higher standard of federal court review on the merits of the arbitrators' decision. Paragraph 17 of the agreement, which references the parties' appeal rights, says nothing about a heightened standard of review. <u>Compare</u> <u>Gateway Technologies, Inc. v. MCI Telecommunications Corp</u>, 64 F.3d 993 (5th Cir. 1995).

2

Since appellants do not explain how the arbitrators' alleged failure to apply the Texas Arbitration Act and common law prejudice their case, no reversible error is set forth. Not only do we disagree that the arbitrators ignored Texas law but even appellants acknowledge that federal and Texas arbitration law are harmonious.

On appeal, the CRNAs characterize their complaints about the admission and exclusion of evidence in several ways that they assert should lead to the vacatur of the arbitral award. The district court addressed most of these claims thoroughly. In no sense can the evidentiary rulings, taken individually or with other actions for which appellants now chastise the arbitrators, be said to amount to misconduct, misbehavior or bias under the statute.

To the extent that the CRNAs contend that the arbitrators misinterpreted applicable law – by (a) erroneously invoking a state evidentiary privilege to exclude evidence of the hospital's alleged antitrust violations; (b) concluding that the employment discrimination claims had not been administratively exhausted; and (c) misapplying the law concerning tying arrangements – they have simply come up short of the proof necessary to overturn the award. It is immaterial to our review under the FAA whether this court agrees with the arbitration panel's disposition of legal issues. There is some question whether the extra-statutory basis for vacating arbitral awards known as "manifest disregard of the law" applies in cases other than those involving employment

3

discrimination.  Compare Williams v. Cigna Financial Advisors, Inc., 197 F.3d 752, 758 (5th Cir. 1999), with McIlroy v. Paine-Webber, Inc., 989 F.2d 817, 820 (5th Cir. 1993).  It is unlikely that the manifest disregard standard would apply to this case, but even if it did, there is a wide gulf between the interpretive and factual errors asserted by appellants and any proof that the arbitrators manifestly disregarded the law applicable to appellants' claims.

Several of appellants' remaining issues attempt to shoehorn various of the arbitrators' alleged errors into categories covered by the FAA.  Those attempts are adjectival, conclusory and unpersuasive.

For the foregoing reasons, in addition to the reasons stated by the district court, we affirm that court's judgment upholding the arbitral award.

**AFFIRMED**.